IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE APPLICATION OF GILEAD
PHARMASSET LLC,

    Applicant.

C.A. No. 14-mc-243 (GMS)

## MEMORANDUM OPINION

### I. INTRODUCTION

Before the court is an application by Petitioner Gilead Pharmasset LLC ("Gilead") for an order under 28 U.S.C § 1782 granting Gilead leave to obtain discovery from Respondent AbbVie Inc. ("AbbVie") for use in foreign litigation. (D.I. 1.) After careful consideration, the court will deny Gilead's application.

### II. BACKGROUND

This application arises out of Gilead's pursuit of worldwide litigation regarding its alleged invention of an innovative treatment for Hepatitis C Virus ("HCV").[1] The particular invention in question is a therapy using the drugs sofosbuvir (PSI–7977) and ledipasvir (GS–5885) in combination, to treat HCV patients with an interferon-free regimen, with and without ribavirin, in as short as twelve weeks. (Civil Action No. 13-2034-GMS, D.I. 31, ¶ 16.) The key component of using the drugs in combination is ledipasvir, which was originally developed by Gilead's predecessor, Pharmasset, Inc. ("Pharmasset"). (*Id.*, ¶ 45.)

---

[1] *See e.g.*, *Gilead Sciences, Inc. v. Abbott Labs., Inc.*, C.A. No. 13-2034-GMS, 2015 WL 1191129, at *1 (D. Del. Mar. 13, 2015).

Beginning in February 2009, AbbVie's predecessor, Abbott Laboratories Inc., entered into negotiations with Pharmasset to purchase the company—including the rights to ledipasvir—but the companies ultimately did not come to an agreement. (*Id.*, ¶¶ 54–71.) During that time Gilead alleges AbbVie was privy to Pharmasset's confidential information which included data showing the potential efficacy of ledipasvir. (*Id.*) In January of 2012, Gilead purchased Pharmasset, and became the rightful owner of ledipasvir. (*Id.*, ¶ 9.) In the time since then, Gilead has begun to market a combination of the drugs, in single tablet form, throughout the United States and Europe under the name HARVONI®. (D.I. 1 at 1–2.)

This worldwide litigation arises as a result of numerous patent applications filed by AbbVie in Europe and the United States claiming various aspects of a treatment for HCV using the combination of sofosbuvir and ledipasvir. (*Id.* at 2.) As a result, Gilead has initiated litigation in the United States and various European jurisdictions seeking to establish entitlement of AbbVie's claimed invention. (*Id.*) In furtherance of Gilead's litigation in Germany, Sweden, Austria, and Switzerland ("Entitlement Proceedings"), Gilead has filed this § 1782 application in order to obtain discovery in the United States for use in those tribunals. (*Id.*)

### III. LEGAL STANDARD

Under 28 U.S.C. § 1782, a federal district court "may order" a person "resid[ing]" or "found" in the district to give testimony or produce documents "for use in a proceeding in a foreign or international tribunal . . . upon the application of any interested person." Section 1782 provides "for assistance in obtaining documentary and other tangible evidence as well as testimony." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 248 (2004).

The court must assess whether the statutory requirements of § 1782 are satisfied; and, if so, determine whether the factors discussed in *Intel* weigh in favor of granting the petitioner's application. *See Pinchuk v. Chemstar Products LLC*, No. 13-mc-306-RGA, 2014 WL 2990416, at *1–2 (D. Del. June 26, 2014).

The three statutory requirements under § 1782 dictate that the party from whom discovery is sought must reside or be found in the district; the discovery must be for use in a proceeding before a foreign tribunal; and the application must be made by an interested person. *Id.*; *Via Vadis Controlling GmbH v. Skype, Inc.*, No. 12-mc-193-RGA, 2013 WL 646236, at *1 (D. Del. Feb. 21, 2013).

If the statutory requirements are met, the court has discretion to grant the moving party's § 1782 application. *Intel*, 542 U.S. at 264–65 ("[A] district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so.") (citation omitted). The factors that inform this discretion are: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign government to federal judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies; and (4) whether the request is unduly intrusive or burdensome. *Via Vadis Controlling*, 2013 WL 646236, at *1. The court should remain mindful of the twin aims of § 1782: (1) providing efficient assistance to participants in international litigation, and (2) encouraging foreign countries—by example—to provide similar assistance to our courts. *See id.* (citing *Intel*, 542 U.S. at 252).

## IV. DISCUSSION

### A. Statutory Requirements

In this case, the three statutory requirements of § 1782 are satisfied. First, AbbVie is incorporated under the laws of Delaware, and is therefore within the jurisdictional reach of this court. *See Via Vadis Controlling*, 2013 WL 646236, at *2 ("Respondents concede [they are] a Delaware corporation, and thus resides in the District of Delaware for the purposes of § 1782."). Second, the requested discovery would be in furtherance of Gilead's Entitlement Proceedings in Austria, Germany, Switzerland and Sweden. *Id.* (finding that when proceedings had already begun in Germany and Luxembourg discovery request under § 1782 would be in furtherance of foreign proceeding). And third, because Gilead is the plaintiff, it qualifies as an "interested party." *Intel*, 542 U.S. at 256 ("No doubt litigants are included among ... the interested persons who may invoke § 1782"). Indeed, AbbVie does not challenge Gilead's assertion that it falls within the purview of the statutory requirements underlying the § 1782 analysis. The proceeding is properly before this court, and whether to grant discovery is therefore a discretionary matter. Consequently, the court turns to the *Intel* factors.

### B. *Intel* Factors

#### i. Party from whom Discovery is Sought is a Participant in the Foreign Proceeding

The first *Intel* factor considers whether the respondent is a participant in the foreign proceeding. As noted by the Supreme Court:

> [W]hen the person for whom discovery is sought is a participant in the foreign proceeding, the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence sought from a nonparticipant in the matter arising abroad. A foreign tribunal has

4

> jurisdiction over those appearing before it, and can itself order them to produce evidence. In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid.

*Intel*, 542 U.S. at 264.

In this case, AbbVie is a defendant in all four Entitlement Proceedings. (D.I. 1 at 5–6.) Consequently, this factor weighs against granting Gilead's § 1782 application.

### ii. The Nature of the Foreign Tribunal, the Character of the Foreign Proceedings, and the Receptivity of the Foreign Government to Federal Judicial Assistance

Under the second *Intel* factor, the court "may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or the agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264; *Via Vadis Controlling*, 2013 WL 646236, at *2. Here, the relevant inquiry is whether the foreign tribunal would consider the evidence produced pursuant to a § 1782 order. *In re Chevron Corp.*, 633 F.3d 153, 162–63 (3d Cir. 2011). The party opposing discovery bears the burden of persuading the court that the foreign tribunal would not consider the discovery sought by the § 1782 order. *Id.*

The court notes the parties engage in what has been labeled a "battle-by-affidavit of international legal experts." *See Euromepa, S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1099 (2d Cir. 1995). The statute does not "condone speculative forays into legal territories unfamiliar to federal judges." *Id.*; *Siemens AG v. W. Digital Corp.*, No. 8:13-cv-01407-CAS, 2013 WL 5947973, at *2 (C.D. Cal. Nov. 4, 2013). Consequently, the court makes no determination as to whether the foreign courts in this case will, or should, accept the documents and depositions that would result

from granting Gilead's § 1782 application. Rather, the court need only assess whether AbbVie has satisfied its burden to show the foreign courts will not be receptive to this court's judicial assistance.

As an initial matter, the parties bifurcate their dispute in terms of documents to be produced and depositions to be taken. (D.I. 4 at 13–14; D.I. 7 at 5–7.)

First, AbbVie argues "it is unclear Gilead will be able to use any evidence" obtained through its § 1782 application in Austria or Sweden. (D.I. 4 at 13.) As to the Austrian Entitlement Proceeding, AbbVie argues that court will not be receptive to the production of documents because an oral hearing is already scheduled, and therefore, it is unclear whether the parties will be permitted to further brief the court and submit additional evidence. (*Id.*) In support, AbbVie cites a deposition explaining how Austrian courts "very seldom order" surreply briefing and evidence gathering after an oral hearing has been set. (*Id.*; Ex. A ¶ 10.) As to the Swedish Entitlement Proceeding, AbbVie argues the court will not be receptive because the litigation is being handled expediently, and therefore, a hearing is likely to be held before Gilead can enter the documents into evidence. (*Id.*; Ex. C ¶ 11.) AbbVie submits no argument for why the German and Swiss Entitlement Proceedings would not be receptive to the evidence revealed in this § 1782 application. (*Id.* at 13–14.)

Second, with regard to deposition discovery, AbbVie argues "most of the Entitlement Proceedings will not accept such evidence because it does not comport with their proof-gathering rules." (*Id.* at 13.) Specifically, AbbVie asserts the Austrian, German, and Swiss courts will be unreceptive because their laws require witness testimony be taken by the court, and therefore, would place little evidentiary value on a deposition taken by private attorneys. (*Id.* at 14.) For

example, AbbVie argues the Swiss court will be unreceptive because, under Swiss law, "the taking of a deposition could actually taint the witness, such that the witness could no longer be used valuably at trial." (*Id.*) AbbVie also argues it is unlikely the Swedish Court will allow written witness statements because Sweden's Code of Judicial Procedure "requires witnesses to be heard at the trial and the use of written witness statements is the exception." (*Id.*, Ex. C ¶13.)

The court is not persuaded by AbbVie's arguments. As for documents, AbbVie does not dispute the Entitlement Proceedings may consider further evidence resulting from this § 1782 application. (D.I. 7 at 6.) For example, the Austrian court may be receptive to the § 1782 evidence should surreply briefing and evidence supplementation be allowed. (D.I. 4, Ex. A ¶ 10.) Furthermore, the foreign tribunals have not been shown to be unreceptive to evidence obtained as a result of this application simply because the Entitlement Proceedings may place "little evidentiary value" on deposition discovery. The court finds that AbbVie has not met its burden to persuade the court that the Entitlement Proceedings will not be receptive to any discovery resulting from a grant of Gilead's § 1782 application. This factor weighs in favor of granting the petition request.

### iii. Whether the Request Conceals an Attempt to Circumvent Foreign Proof-Gathering Restrictions or Other Policies

Under the third *Intel* factor, the court may "consider whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 264–65; *Pinchuk*, 2014 WL 2990416, at *3. AbbVie argues Gilead's § 1782 application is a circumvention of the Entitlement Proceedings because it

has not requested a "single piece of discovery from AbbVie" in those cases.[2] (D.I. 4 at 15.) Put another way, AbbVie opines "Gilead asks this Court to step into the shoes of each of the Entitlement Proceeding tribunals, apply U.S. discovery principles in these foreign tribunals, and govern discovery in each of those actions." (*Id.*) In response, Gilead notes "the documents requested [in this § 1782 application] are outside the jurisdictional reach of the foreign tribunals, and asking foreign courts to order discovery beyond their reach would be futile." (D.I. 7 at 7.)

It is not a prerequisite for a § 1782 applicant to exhaust all potential discovery procedures in the foreign proceedings in order to obtain a federal court's assistance under the statute. *See Euromepa S.A.*, 51 F.3d at 1098; *In re Gushlak*, No. 11-mc-218 (NGG), 2011 WL 3651268, *4 (E.D.N.Y. Aug. 17, 2011). Even so, "a perception that an applicant has 'side-stepped' less-than-favorable discovery rules by resorting immediately to § 1782 can be a factor in a court's analysis." *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C-07-5944-SC, 2013 WL 183944, at *3 (N.D. Cal. Jan. 17, 2013) (citing *In re Application of Caratube Int'l Oil Co., LLP*, 730 F. Supp. 2d 101, 107–8 (D. D.C. 2010). "Put differently, the § 1782 applicant's conduct in the foreign forum is not irrelevant." *In re IPC Do Nordeste, LTDA*, No. 12-50624, 2012 WL 4448886, at *9 (E.D. Mich. Sept. 25, 2012).

The court takes into consideration Gilead's concern that it is "a U.S. petitioner seeking discovery from a U.S. respondent about activities that occurred in the U.S. for use in foreign

---

[2] For example, AbbVie's Austrian counsel states, "Gilead has not indicated [to the Austrian court] that the documents it needs to rely on to present its case are in AbbVie's possession. Further, Gilead has only named one witness it intends to rely on to support its case: Dr. John McHutchinson, a Gilead employee." (D.I. 4, Ex. A ¶ 9.) Moreover, AbbVie's Swedish counsel notes, "Gilead could have, but has not yet, requested any documents or witness testimony from AbbVie in the Swedish Action." (*Id.*, Ex. C ¶ 8.) Finally, AbbVie's Swiss counsel states, "in the Swiss Action, Gilead has not requested AbbVie to produce a single document nor has it offered to the Swiss Court any of AbbVie's officers or employees as witnesses." (*Id.*, Ex. D ¶ 12.)

proceedings where the discovery requested is outside the jurisdictional reach of the foreign courts." (D.I. 7 at 8.) Nevertheless, the court notes that Gilead has made no attempts to obtain any discovery from AbbVie in the foreign tribunals. This is telling. On balance, the court finds Gilead's lack of interest in pursuing any discovery under the laws of the Entitlement Proceeding forums indicates an attempt to circumvent those rules. Consequently, this factor weighs against granting the application.

### iv. Whether the Request is Unduly Intrusive or Burdensome

Finally, under the fourth *Intel* factor, a § 1782 request may be "rejected or trimmed" if the court finds the § 1782 request to be "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. Gilead argues its discovery request is narrowly tailored and relevant to the Entitlement Proceedings because "[a]ll but one portion of Gilead's document requests ask for information about Gilead's compounds and AbbVie's communication with Gilead's predecessor Pharmasset." (D.I. 7 at 8.) The court agrees. Gilead's discovery request pertains to: (1) documents and things related to GS-5885 and PSI/GS-7977; (2) AbbVie's communications with Pharmasset; and, (3) AbbVie's development of the Mechanistic Model underlying the European patent filings. (D.I. 1, Ex. A, B.) Gilead also argues that "since such information will be produced in connection with AbbVie's discovery obligations in the U.S. Litigation, the identification, collection, and production of the requested information imposes no undue burden upon AbbVie." (*Id.* at 13.) Conversely, AbbVie's asserts that discovery would be improper because it is unlikely relevant the documents will remain confidential. (D.I. 4 at 16–18.) For example, AbbVie notes that in the Entitlement Proceedings, "few procedures exist to ensure that the submitted documents, or information contained therein, will be protected from access by AbbVie's competitors." (*Id.* at 17 (citing Ex. A, ¶¶ 12–18; Ex.

9

B, ¶¶ 10–15; Ex. C, ¶¶ 14–16; Ex. D, ¶¶ 17–19).) Specifically, AbbVie cautions that competitors may be granted the right to inspect documents filed in the Entitlement Proceedings. (*Id.*) In order to alleviate AbbVie's concerns, Gilead has offered to sign a protective order for the purpose of maintaining confidentiality of any document produced by AbbVie in response to a § 1782 order. (D.I. 1 at 13; D.I. 7 at 8–9.)

The court is unpersuaded by AbbVie's confidentiality concerns. *See In re Ex Parte Apple Inc.*, No. MISC 12-80013 JW, 2012 WL 1570043, at *3 (N.D. Cal. May 2, 2012) (determining a respondent's concerns over confidentiality "do not pertain to the intrusiveness or burdensomeness"). The scope of Gilead's application is not unduly intrusive because the requested documents, and deposition topics, pertain to the issue of inventorship raised in the Entitlement Proceedings. Additionally, Gilead's request is not unduly burdensome because—as Gilead's correctly notes, and AbbVie does not dispute—the information sought will be produced in connection with the U.S. litigation. Moreover, Gilead's offer to enter into an agreement to ensure confidentiality is persuasive, and as such, "any concerns about confidentiality can be addressed by the appropriate protective order." *In re Ex Parte Apple Inc.*, 2012 WL 1570043, at *3 n.9. Consequently, the court finds this factor weighs in favor of granting Gilead's request.

## V. CONCLUSION

Taken together, the factors do not heavily favor one conclusion over the other. Upon review of all the factors the court finds particularly concerning the fact that Gilead has made no attempts to obtain any discovery from AbbVie, a party to the Entitlement Proceedings, in the foreign tribunals. As such, the court finds that the balance of factors weighs in favor of denying

Gilead's application. The court exercises its discretion to reject Gilead's § 1782 application in light of the *Intel* factors.

Dated: April 14, 2015

_____
UNITED STATES DISTRICT JUDGE